# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DESHAUN W. SEALS,** ) | |
| ) | No. 21 C 4424 |
| **Plaintiff,** ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Deshaun W. Seals appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

## Background

On March 4, 2019 plaintiff applied for benefits, alleging disability onset date of December 15, 2018. (R. 64.) His application was denied initially on May 23, 2019, upon reconsideration on December 24, 2019, and after a hearing on March 10, 2021. (R. 36-45, 47-59, 64-71.) The Appeals Council declined review (R. 1-6), leaving the Administrative Law Judge's ("ALJ") decision as the final decision of the Acting Commissioner of Social Security reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that although plaintiff had engaged in substantial gainful activity between February 6, 2020 and August 5, 2020, there had been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful employment, and the remaining findings in the ALJ's decision address the period(s) the claimant did not engage in substantial gainful activity. (R. 66.) At step two, the ALJ determined that the plaintiff had the severe

impairments of post/status spinal cord injury and hypertension. (R. 66.) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 67.) At step four, the ALJ found that plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except with the following additional limitations: stand/walk two of eight hours; sit six of eight hours; frequently perform left push/pull with the left lower extremity and left upper extremity; frequently perform left operation hand/foot controls; right-hand dominant; never climb ladders, ropes or scaffolds; frequently climb ramps and stairs and crouch; occasionally crawl; frequently perform left handling of objects, that is, gross manipulation; frequently perform left fingering, that is, fine manipulation of items no smaller than the size of a paperclip; avoid concentrated exposure to extreme cold, heat, use or exposure to moving machinery, unprotected heights or other hazards. (R. 67.) At step five, the ALJ found that, given the plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 70-71.)

Plaintiff contends the ALJ's RFC assessment is not supported by substantial evidence. Specifically, plaintiff claimed the ALJ "lacked an evidentiary basis for finding that Seals could use [his left extremities] frequently." (ECF 18 at 8.) The Court agrees.

After evaluating the persuasiveness of May 2019 and November 2019 State agency consultative examination reports finding plaintiff could perform "medium exertion with additional postural and environmental limitations" and "light exertion with limited left/push/pull and additional postural and environmental limitations" respectively, the ALJ determined "[t]hese opinions are not persuasive, as the claimant's subjective complaints support greater limitation to sedentary exertion." (R. 70.) In crafting the additional limitations, the ALJ then abruptly found

the following: "some reduced strength on the left of record [sic] supports manipulative limitations of no more than frequent handling and fingering with the non-dominant left upper extremity." (R. 70.) This blanket conclusion that plaintiff can "frequently" handle and finger items includes no explanation or evaluation of the evidence. We cannot determine, therefore, whether this conclusion is reasonable without the ALJ describing how he arrived at his conclusion. The decision lacks evidentiary support, and thus, must be remanded.

"Frequent" is defined by the Commissioner as "occurring from one-third to two-thirds of the time," while "occasional" means occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, *5-6 (Jan. 1, 1983). The Court agrees with the plaintiff that the ALJ erred by "not cit[ing] any evidence or basis in the record to support that Seals could use his hand that often… [and by] not say[ing] anything about the limitations he included for Seals' left foot." (ECF 18 at 11.) Because the ALJ failed to explain his reasoning for the formulation of the limitations in the RFC we must reverse the decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345 (7th Cir. 2005) (finding the ALJ's omission of how he arrived at the RFC conclusions warrants reversal of the ALJ's decision) (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts… and nonmedical evidence.")).

Furthermore, the Social Security Ruling SSR 96-5p instructs that "[t]he [RFC] assessment is based upon consideration of all relevant evidence in the case record." SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). However, the ALJ directly follows the formulation of the RFC with the following concession: "the undersigned did not evaluate the persuasiveness of opinions of record that are inherently neither valuable nor persuasive" and cites to Exhibit 17F. (R. 70.) Exhibit 17F is the "Medical Evidence of Record, dated 01/04/2021 to 1/04/2021 from David Chen

4

MD – Shirley Ryan Ability Lab." (ECF 11, Exhibit 1 at 5.) In this letter, David Chen, Section Chief, Spinal Cord Injury at Shirley Ryan AbilityLab, writes: "Mr. Deshawn [sic] Seals is currently an outpatient under my care at the Shirley Ryan AbilityLab. He is an incomplete quadriplegic, secondary to a spinal cord injury and his condition is permanent. Due to his chronic condition, Mr. Seals *is unable to work*." (R. 1365.) (emphasis added).

The ALJ did not have to accept Dr. Chen's January 4, 2021 conclusory statement that plaintiff was "unable to work." *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (noting the regulations reserve to the Commissioner "'the *final* responsibility for deciding' residual functional capacity (ability to work—and so whether the applicant is disabled).") (quoting 20 C.F.R. 404.1527 (emphasis added)). However, even though the ALJ provided no reason for discounting this opinion and characterizing it only as "inherently neither valuable nor persuasive," the fact that Dr. Chen expressed an opinion on the ultimate issue is not a valid reason to exclude it from the ALJ's assessment of the evidence. There may be other reasons that the ALJ made this determination. For example, the summary of plaintiff's medical status may not be in dispute, and therefore, Dr. Chen's assessment may not be "valuable," but we simply do not know. On remand, we encourage the ALJ to make clear why he chose to disregard Dr. Chen's assessment (and other medical evidence the ALJ may have disregarded if that is the case). The ALJ's vague and oblique reference on this potentially significant issue raises more questions than it answers.

In short, the ALJ failed to cite to evidence supporting his conclusion of limitations in the RFC. Moreover, because Charles McBee, the vocational expert, testified that there would be no jobs available to plaintiff if he were limited to occasional left handling and fingering (R. 30), the ALJ's error is not harmless. When the ALJ posed a fourth hypothetical to the vocational expert

5

inquiring whether there would be jobs in the national economy a person could perform changing limitations from "frequent left handling, frequent left fingering to occasional left handling, occasional left fingering," the vocational expert answered, "no… other occupations cannot be performed under this hypothetical." (R. 31.) The vocational expert continued, "[a]t sedentary one's generally required to bilaterally be able to use the upper extremities at least frequent, therefore, Your Honor, an individual is [sic] limited to one extremity occasional they could not effectively perform a sedentary occupation." (R. 31-32.) The vocation expert described how if "fingering and handling is less than frequent it significantly reduces the occupational base upwards 98%." (R. 32.) Accordingly, because the Commissioner's error is not harmless, we must remand the case.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [23], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                             **ENTERED: September 29, 2022**

_____
**M. David Weisman**
**United States Magistrate Judge**